IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00127–REB–KMT

JOHN-ARTHUR: TAYLOR, JR.,

     Plaintiff,

v.

CASPER CITY COUNCIL CORPORATION MEMBERS,
KENYNE SCHLAGER,
MAURY DAUBIN,
PAUL BERTOLIO,
GLENN JANUSKA,
STEFANIE BOSTER,
KATE SAROSY,
KEITH GOODENOUGH,
KIM HOLLOWAY,
BILL BRAUER,
CITY OF CASPER CORPORATION ATTORNEYS,
WILLIAM LUBEN, ESQ.,
WILL CHAMBERS,
CITY OF CASPER CORPORATE CODE ENFORCEMENT,
SHELLY LECLAIR,
JIMMY BRIERLY,
DOUGLAS BARRETT,
GORDON NEAL,
CITY OF CASPER CORP. MUNICIPAL COURT,
ROBERT HAND,
KEITH NACBAR,
CHARLES CHAPIN,
SEVENTH JUDICIAL CORP. DISTRICT COURT,
SCOTT SKAVDAHL,
WYOMING STATE CORPORATE SUPREME COURT,
BARTON VOIGT,
WYOMING ATTORNEY GENERAL, BRUCE A. SALSBURG,

NATRONA COUNTY SHERIFF, MARK BENTON,

      Defendants.

---

## ORDER

---

This matter is before the court on "State Defendants' Motion to Stay Discovery" (Doc. No. 32, filed April 1, 2010) and "Local Government Defendants' Motion to Stay Discovery and Other Proceedings Pending Ruling on Motion to Dismiss" (Doc. No. 34, filed April 1, 2010). Plaintiff objects to the relief sought. (Doc. No. 32 at 2.)

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). In evaluating a request for a stay of discovery, the following five factors guide the court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006).

In weighing the factors set forth for determining the propriety of a stay, the court finds that a stay is appropriate here. *Id.* First, the court balances the Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of proceeding forward. *Id.* Defendants have filed motions to dismiss asserting that the Court lacks subject matter jurisdiction and personal jurisdiction, that venue is not proper in this Court, that the State Defendants were not properly served with the Summons and Complaint, that Defendants Voigt and Skavdahl enjoy absolute judicial immunity, and that the Complaint fails to state claim upon which relief may be granted. (*See* Doc. Nos. 10, 12.) Defendants have done more than offer conclusory assertions that jurisdiction is lacking—they have filed motions to dismiss supported by legal analysis. In such a circumstance, the court determines that the burden on Defendants of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously. See *String Cheese*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss . . . is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted").

The court also considers its own convenience, the interest of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result. In fact, the court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C. Cir. Nov. 27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt.*

*Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " (citations omitted)). Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D at 5. Finally, there are no compelling nonparty or public interests triggered by the facts at issue.

Accordingly, it is

ORDERED that "State Defendants' Motion to Stay Discovery" (Doc. No. 32) and "Local Government Defendants' Motion to Stay Discovery and Other Proceedings Pending Ruling on Motion to Dismiss" (Doc. No. 34) are GRANTED. It is further

ORDERED that all pretrial proceedings, including Rule 26 proceedings and disclosures, are STAYED. The Scheduling Conference set for April 22, 2010, is VACATED. All discovery is STAYED pending resolution of Defendants' motions to dismiss.

Dated this 1st day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge