IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00127–REB–KMT

JOHN-ARTHUR: TAYLOR JR.,[1]

    Plaintiff,

v.

CASPER CITY COUNCIL CORPORATION MEMBERS,
KENYNE SCHLAGER,
MAURY DAUBIN,
PAUL BERTOLIO,
GLENN JANUSKA,
STEFANIE BOSTER,
KATE SAROSY,
KEITH GOODENOUGH,
KIM HOLLOWAY,
BILL BRAUER,
CITY OF CASPER CORPORATION ATTORNEYS,
WILLIAM LUBEN, ESQ.,
WILL CHAMBERS,
CITY OF CASPER CORPORATE CODE ENFORCEMENT,
SHELLY LECLAIR,
JIMMY BRIERLY,
DOUGLAS BARRETT,
GORDON NEAL,
CITY OF CASPER CORP. MUNICIPAL COURT,
ROBERT HAND,
KEITH NACBAR,
CHARLES CHAPIN,
SEVENTH JUDICIAL CORP. DISTRICT COURT,
SCOTT SKAVDAHL,
WYOMING STATE CORPORATE SUPREME COURT,
BARTON VOIGT,
WYOMING ATTORNEY GENERAL, BRUCE A. SALSBURG,

---

[1] Spelling and punctuation taken from Plaintiff's Complaint (Doc. No. 1).

NATRONA COUNTY SHERIFF, MARK BENTON,

    Defendants.

**RECOMMENDATION OF A UNITED STATES MAGISTRATE**

This matter is before the court on the "State Defendants'"[2] "Motion and Memorandum in Support of Motion to Dismiss" (Doc. No. 10, filed Feb. 23, 2010 [hereinafter "State Defs.' Mot."]) and the "Local Government Defendants'"[3] "Combined Motion to Dismiss and Memorandum in Support Thereof" (Doc. No. 12, filed Feb. 25, 2010 [hereinafter "Local Defs.' Mot."]). On March 10, 2010, Plaintiff filed what the court deems to be a response to both motions in his "Notice of Entry into Evidence and Notice of Resistance to Motion to Dismiss." (Doc. No. 20 [hereinafter "Resp."].) Neither the State or Local Government Defendants filed a reply. Accordingly, these motions are ripe for the court's review and recommendation.

## I. BACKGROUND

Plaintiff's Complaint, actually titled "Affidavit of Claim or right violated under 42 USC 1983 [sic]" (Doc. No. 1, filed Jan. 21, 2010, [hereinafter "Compl."]), is mostly vague and

---

[2] The "State Defendants" include, collectively, Defendants Chief Justice Barton Voigt of the Wyoming Supreme Court, Judge Scott Skavdahl, and Bruce A. Salzburg.

[3] The "Local Government Defendants" include, collectively, Kenyne Schlager, Maury Daubin, Paul Bertolio, Glenn Januska, Stefanie Boster, Kate Sarosy, Keith Goodenough, Kim Holloway, Bill Brauer, William Luben, Will Chambers, Shelly Leclair, Jimmy Brierly, Douglas Barrett, Gordon Neal, Judge Robert Hand, Judge Keith Nacbar, Judge Charles Chapin, and Mark Benton.

unintelligible. For purposes of this Recommendation, however, only a brief recitation of the factual background of this case is necessary.

Plaintiff, a resident of Casper, Wyoming (Compl. at 20), ostensibly challenges his conviction in Municipal Court of the City of Casper, Wyoming, for various violations of the municipal code. (Local Defs.' Mot. at 3; Compl. at 7, 13.) Plaintiff appealed his conviction to the Seventh District Court in Natrona County, Wyoming, and then to the Wyoming Supreme Court. (Local Defs.' Mot. at 4.) Both courts dismissed his appeal. (*Id.*) After Plaintiff failed to pay the fines for the municipal court infractions, a bench warrant was issued, and Plaintiff was subsequently arrested on January 7, 2010. (*Id.;* Compl. at 11.) Soon thereafter, Plaintiff filed the present action in this court.

It appears that Plaintiff challenges Defendants' alleged infringement on the "absolute title" granted by his federal land patent (Compl. ¶ 14), which Plaintiff maintains conferred him a right to use his land "without permit or payment" (*id.* at 5). Plaintiff also alleges that because the State of Wyoming, Natrona County, and City of Casper are organized as corporations, they have no authority over him unless Plaintiff entered into a contract with them. (*Id.* at 4.) Finally, Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that his conviction for the municipal code violations and his subsequent arrest for failing to pay the fines violated his constitutional rights. (*Id.* at 7.) Plaintiff also references 28 U.S.C. § 2201 in his Complaint, although at no point does he suggest what declaratory relief is sought. (*Id.* at 5.)

In their Motions, both the State Defendants and Local Government Defendants assert multiple grounds for dismissal, including that (1) this court lacks personal jurisdiction over both

the State and Local Government Defendants (State Defs.' Mot. at 5–7; Local Defs.' Mot. at 6–8); (2) this court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine (Local Defs.' Mot. at 9); (3) Local Government Defendants Hand, Nachbar, Chapin, Luben, and Chambers, and State Defendants Voigt and Skavdahl are entitled to absolute immunity (State Defs.' Mot. at 11–13; Local Defs.' Mot. at 11–13); (4) both the State and Local Government Defendants were not properly served with the Complaint and Summons (State Defs.' Mot. at 9–11; Local Defs.' Mot. at 13–14); and, finally, (5) Plaintiff fails to state a claim upon which relief can be granted (State Defs.' Mot. at 13–15; Local Defs.' Mot. at 10–11).

## II. ANALYSIS

### A. Personal Jurisdiction

As a threshold matter, the court notes that Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless the court will not act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.

519, 526 (1983). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

Plaintiff bears the burden of establishing that the court has personal jurisdiction over Defendants. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). In a federal question case, as here, the proper analysis to determine personal jurisdiction has been summarized by the Tenth Circuit Court of Appeals as follows:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.

*Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

In this case, Plaintiff is suing both the State and Local Government Defendants pursuant to 42 U.S.C. § 1983 and, apparently, the Declaratory Judgment Act, 28 U.S.C. § 2201. Neither Section 1983 nor the Declaratory Judgment Act potentially confer jurisdiction by authorizing service of process on the defendants. *See McChan v. Perry*, 229 F.3d 1164, 2000 WL 1234844, at *1 (10th Cir. 2000) (holding that section 1983 does not provide for nationwide service of process); *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008) (holding that the Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq.,* does not provide for nationwide service of process). Thus, Federal Rule of Civil Procedure 4(k)(1)(A) requires the court to apply the law of the state where the district court sits.

In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Doering ex. rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in—either in person or by an agent—the "commission of a tortious act within this state," or the "transaction of any business within this state." Colo. Rev. Stat. §§ 13-1-124(1)(a)–(b). To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 254 (D. Colo. 1966). Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *See OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998); *Scheur v. Dist. Ct.*, 684 P.2d 249, 250 (Colo. 1984).

To satisfy due process, minimum contacts must exist between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction. Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in the state. *OMI Holdings*, 149 F.3d at 1091 (internal citations and quotations omitted). Specific jurisdiction is present

where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999). If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co.*, 326 U.S. at 316). This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. *Id.*

Plaintiff does not allege, nor does it otherwise appear, that Defendants have continuous and systematic general business contacts with Colorado. Nor has Plaintiff demonstrated, or does the court otherwise find, that any Defendant has conducted any activities in Colorado, or had any contact with Plaintiff in Colorado. Plaintiff's only asserted grounds for filing his Complaint in this court is that "there is no possibility of a fair trial or remedy in any court within [Wyoming]." (Compl. at 2.) This, of course, is not sufficient grounds for the court to exercise personal jurisdiction over Defendants. Moreover, all of the acts of both the State and Local Government Defendants of which Plaintiff complains occurred in Wyoming pursuant to their capacities as government officials or employees of the State of Wyoming. Thus, even assuming that any of Defendants have minimum contacts with Colorado, it is clear that Plaintiff's alleged injuries did not arise out of those contacts. *Cohen v. Waxman,* 08–cv–02188–LTB–CBS, 2009 WL 3390487, at *5 (D. Colo. Oct. 21, 2009) (finding no personal jurisdiction where the allegedly

7

unconstitutional acts at issue took place in the District of Columbia rather than in the forum state).

Plaintiff has failed to meet his burden of establishing that the Court has personal jurisdiction over either the State or Local Government Defendants. *See Intercon, Inc.*, 205 F.3d at 1247. Accordingly, Plaintiff's claims against all Defendants are properly dismissed for lack of personal jurisdiction.

### B. *Other Grounds for Dismissal*

Because it is patently clear that this court lacks personal jurisdiction over both the State and Local Government Defendants, and that provides sufficient grounds for dismissing Plaintiff's Complaint in its entirety, the court need not reach the additional grounds for dismissal raised by the Local Government Defendants' or the State Defendants' Motions.

WHEREFORE, for the foregoing reasons, this court

RECOMMENDS that the State Defendants' "Motion and Memorandum in Support of Motion to Dismiss" (Doc. No. 10) and the Local Government Defendants' "Combined Motion to Dismiss and Memorandum in Support Thereof" (Doc. No. 12) be GRANTED and that the Complaint and this action be dismissed in its entirety, without prejudice.[4]

---

[4] *See Craig v. United States,* 340 F. App'x 471, 478 (10th Cir. 2009) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2009)) (holding that a dismissal for lack of jurisdiction should be without prejudice "because the court, having determined that it lacks jurisdiction over the case, is *incapable* of reaching a disposition on the merits of the underlying claim") (emphasis in original).

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United*

*States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of April, 2010

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge